■ JEFFREY RESNICK, Appellant, v MAXIM GROUP, INC., et al., Respondents. [633 NYS2d 910] —Order and judgment unanimously reversed on the law with costs, motion granted and judgment ordered in accordance with the following Memorandum: Plaintiff commenced this action to enforce a corporate stock purchase agreement, a corporate promissory note, and personal guarantees. The dispute concerns the proper formula for calculating a stock redemption price; plaintiff asserts that a formula in the agreement entitles him to a redemption price of $322,176.96, while defendants assert that plaintiff is entitled to $107,000. Plaintiff appeals from an order and judgment that

denied his motion for summary judgment and granted summary judgment to defendants dismissing plaintiff's complaint.

We conclude that plaintiff is entitled to summary judgment granting him judgment for $322,176.96 (minus offsets for sums previously paid), awarding him costs and attorney's fees, and dismissing defendants' counterclaims. Plaintiff's contention that defendants must pay plaintiff $322,176.96 for his stock is supported by the unequivocal language of the agreements. By the addendum to the June 4, 1993 settlement agreement, defendants agreed, upon completion of the corporation's 1992-1993 fiscal year, to increase the purchase price for plaintiff's shares by the amount that the purchase price, as calculated pursuant to the "Formula," was greater than $107,000. There is no dispute that the "Formula" referenced in the addendum is the "Formula" set forth in section 8 of the original shareholders' agreement, which defined the "Capitalized Value" of the stock as follows: "8 times the weighted average *adjusted net income before tax* per share of the Corporation * * * for the three fiscal years ending on the Valuation Date (as defined below), as shown on the Corporation's *statements of profit and loss* for such years" (emphasis supplied). Thus, plaintiff's calculation, based on figures from the corporation's income statements, is in accordance with the "Formula" and consistent with the parties' agreement. Buttressing that conclusion is the fact that the phrase "adjusted net income before taxes" corresponds precisely to an entry on the corporation's income statements, whereas there is no such entry on the corporate tax returns.

Because plaintiff is entitled to $322,176.96 for his stock, defendants are in default under the settlement agreement, the note, and the guarantees, and thus must pay plaintiff costs and attorney's fees. Further, with respect to defendants' counterclaims, we conclude that plaintiff sustained his initial burden on the motion to present evidence in admissible form demonstrating his entitlement to judgment as a matter of law dismissing those counterclaims. Defendants' affiants, on the other hand, admittedly failed to "substantiate their counterclaims." We thus conclude that defendants failed to demonstrate the existence of triable questions of fact on the counterclaims. Plaintiff is entitled to summary judgment dismissing the counterclaims. (Appeal from Order and Judgment of Supreme Court, Monroe County, Calvaruso, J.—Stock Redemption Agreement.) Present—Denman, P. J., Green, Wesley, Balio and Boehm, JJ.